# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS D. TOMLINSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-13-371-RAW-SPS |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

The claimant Dennis D. Tomlinson requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born August 11, 1960, and was fifty years old at the time of the administrative hearing (Tr. 35, 123). He completed high school, and has worked as a heavy equipment operator, lineman, and truck driver (Tr. 27, 138). The claimant alleges that he has been unable to work since June 15, 2007, due to skin cancer, back pain, and pain from past hernia surgery (Tr. 137-138).

## Procedural History

On March 29, 2010, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Trace Baldwin conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated September 23, 2011 (Tr. 19-28). The Appeals Council denied review, so the ALJ's opinion constitutes the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant could perform sedentary work, 20 C.F.R. §§ 404.1567(a), 416.967(a), and had the unlimited ability to push/pull, including the operation of hand/foot controls, but could stoop, kneel, crouch, and crawl only occasionally (Tr. 22). The ALJ further stated

that the claimant had no manipulative, visual, communicative, or environmental limitations (Tr. 22). The ALJ concluded that if the claimant had been able to perform the full range of sedentary work, he would nevertheless be found not disabled under Rule 201.13 of the Medical-Vocational Guidelines (the Grids), when he attained age 50, and not disabled under Rule 201.21 prior to age 50 (Tr. 28). Because the ALJ determined that the claimant had further limitations, the ALJ inquired of a vocational expert and ultimately determined that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national and regional economy, *i. e.*, order clerk, or clerical mailer (Tr. 28).

### Review

The claimant's sole contention of error is that the ALJ erred in applying Rule 201.13, rather than Rule 201.14 upon attaining the age of 50. The undersigned Magistrate Judge agrees that the ALJ *did not* properly apply the Grids, and the decision of the Commissioner should therefore be reversed.

The ALJ found that the claimant's severe impairments of lumbar degenerative disc disease and skin cancer prevented him from returning to past relevant work. This shifted the disability determination to step five and required the Secretary to prove that there were other jobs the claimant could perform. Further, because the claimant's impairments also prevented him from performing a full range of other sedentary work, the Secretary was required to identify particular jobs the claimant could perform with his specified limitations. The ALJ sought to obtain such proof from a vocational expert (VE).

At the administrative hearing, the claimant's attorney asked the VE to testify as to whether, at the age of 50, the claimant had any skills transferable to sedentary work (Tr. 53). The ALJ then asked the VE, "Does his education provide for direct entry into skilled work and, if so, did he have any – has he acquired any transferable skills?" (Tr. 53). The VE then testified that the claimant's past work as a heavy equipment operator would not, and stated, "The lineman, I mean, he does have that knowledge of, you know, electric— electrical so, I mean, there may be some jobs in that line of work that he might be able to move into," then continued, saying, "But the problem with that, I think, is going to be the exertional level" (Tr. 54). In response to a second question from the ALJ, the VE then stated that the claimant's education would provide for direct entry into skilled work, but that there were no transferable skills to light or sedentary work (Tr. 54).

In his written opinion at step five, the ALJ thus found that the claimant reached 50 years of age on August 11, 2010 (Tr. 27), defined as an individual "closely approaching advanced age." 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.00(g) (defining an individual approaching advanced age as between the ages of 50 and 54). The ALJ then noted that the claimant had a high school education and that the vocational expert had testified that the claimant's education provided for direct entry into skilled work, and further, that his acquired job skills did not transfer to other occupations within the sedentary RFC (Tr. 27). The ALJ concluded that if the claimant had been able to perform the full range of sedentary work, he would nevertheless be found not disabled under Rule

201.13[2] of the Medical-Vocational Guidelines (the Grids), when he attained age 50, and not disabled under Rule 201.21 prior to age 50 (Tr. 28).

According to the Grids, a claimant who has attained the age of 50 and is restricted to sedentary work "may be significantly limited in vocational adaptability." 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 201.00(g). Under these regulations:

> When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains. However, recently completed education which provides for direct entry into sedentary work will preclude such a finding. For this age group, even a high school education or more (ordinarily completed in the remote past) would have little impact for effecting a vocational adjustment unless relevant work experience reflects use of such education.

*Id.* This particular regulation is referenced in each of Rules 201.13, 201.14, and 201.16. The VE's testimony was therefore very significant because if the claimant's education provided for direct entry into skilled work, he would be considered "not disabled" under either Rule 201.13 or 201.16, but if his education did not provide for direct entry into skilled work, he would be considered "disabled" according to Rule 201.14. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.13, 201.14, 201.16 (see graph below). *See also* Soc. Sec. Rul. 83-10, 1983 WL 31251, at *8 ("The criterion of 'high school graduate or more—provides for direct entry into skilled work' is met when there is little time lapse between the completion of formal education and the date of adjudication, and where the

---

[2] As the Commissioner has acknowledged on appeal, the ALJ erroneously applied Rule 201.13, which applies to claimants with unskilled or no past work experience, rather than Rule 201.16, which applies to claimants with skilled or semiskilled past work experience but skills that are not transferable. Because the undersigned Magistrate Judge reverses on other grounds as described below, this error is not dispositive.

-6-

content of the education would enable individuals, with a minimal degree of job orientation, to begin performing the skilled job duties of certain identifiable occupations within their RFC.").

| Rule | Education | Previous Work Experience | Finding |
|---|---|---|---|
| 201.13 | High school graduate or more – provides for direct entry into skilled work | Unskilled or no | Not disabled |
| 201.14 | High school graduate or more – does not provide for direct entry into skilled work | Skilled or semiskilled-skills not transferable | Disabled |
| 201.16 | High school graduate or more— provides for direct entry into skilled work | Skilled or semiskilled—skills not transferable | Not disabled |

In this case, there was no evidence that the claimant had recently completed any education, and the Commissioner acknowledges Soc. Sec. Rul. 83-10, but asserts that the claimant's past work "arguably" required the claimant to use his formal education and on-the-job education/training. The undersigned Magistrate Judge is not persuaded by this post hoc justification. *See e. g., Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."), *citing Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this *post hoc* effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp

essential functions committed in the first instance to the administrative process."). The VE's testimony did not explain how the claimant's high school education completed in 1978 (Tr. 138) translated to "recently completed education which provides for direct entry into sedentary work." 20 C.F.R. Pt. 404, Subpt. P, App. 2, §201.00(g). The ALJ further failed to explain this discrepancy, instead choosing to rely on the VE's testimony for this finding. *Cf. Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."). It was thus error to apply either Rule 201.13 *or* 201.16 to determine that the claimant was not disabled after attaining age 50. *See Clark v. Astrue*, 2008 WL 2673346, at *6 (W.D. Okla. June 27, 2008) ("There was no evidence that Plaintiff had recently completed any education that would allow him direct entry into sedentary, skilled work. At the time he filed for benefits, and at the time his insured status expired, Plaintiff was closely approaching advanced age, he had a twelfth grade education, and he had no transferable skills to sedentary work. Under the [Rule] 201.14, and in light of the RFC finding which the VE undisputedly classified as sedentary work, the ALJ should have found at step five that Plaintiff was disabled and entitled to benefits.")

Because the ALJ failed to properly determine whether the claimant's education provided for direct entry into skilled work, the decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further analysis.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**